IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY J. RHINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2185-N-BN |
| | § | |
| JOHNNIE H. MCFARLAND, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge David C. Godbey. The undersigned issues

the following findings of fact, conclusions of law, and recommendation that the Court

dismiss this action for lack of subject matter jurisdiction.

**Background**

Plaintiff Tracy J. Rhine filed this lawsuit *pro se* on June 30, 2015, *see* Dkt. No.

3, and tendered motions for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 4] and

for appointment of counsel [Dkt. No. 6] the same day. On July 1, 2015, the Court

denied the motion for appointment of counsel without prejudice, *see* Dkt. No. 8, and

entered a notice of deficiency as to the IFP application, *see* Dkt. No. 7, noting Plaintiff's

failure to complete the entire application. That same day, the Court also entered an

order to address its concern that subject matter jurisdiction over this action appeared

lacking. *See* Dkt. No. 9.

Plaintiff was ordered to file no later than July 31, 2015 a written response to the order to show the Court that it has subject-matter jurisdiction over this lawsuit and was warned that the "[f]ailure to comply ... will result in a recommendation that the complaint be dismissed for either lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or  failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 3.

Plaintiff has failed to file responses to the show cause order and the notice of deficiency.

The undersigned now concludes that the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

## Legal Standards

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file a lawsuit in federal court, it is Plaintiff's burden to establish federal jurisdiction. And if Plaintiff fails to do so, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K,  2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

To establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

Plaintiff has not "affirmatively and distantly" alleged jurisdiction. Instead, it appears that this action concerns a dispute between citizens of Texas in which Plaintiff alleges state-law causes of action for conspiracy. *See* Dkt. No. 3. While Plaintiff also alleges that the named defendants are employed by the Dallas Area Rapid Transit

Authority ("DART"), Plaintiff neither names DART as a defendant nor alleges facts to tie Defendants' alleged conspiracies to their employer. *See id.*

Further, while Plaintiff appears to make hate crime allegations, *see, e.g.,* Dkt. No. 3 at 2 (asserting that the threatening calls were "racially motivated hate actions"), such allegations cannot be liberally read to assert federal question jurisdiction, where the courts that have addressed the issue have held that the Federal Hate Crime Prevention Act of 2009, 18 U.S.C. § 249, "as a criminal statute, does not give rise to a private right of action." *Chicago Title & Land Trust Co. v. Rabin*, No. 11-cv-425, 2012 WL 266387, at *4 (N.D. Ill. Jan. 30, 2012) (collecting cases); *accord Kearns v. Timmiah*, No. 5:06-cv-105, 2007 WL 2220506, at *4 (N.D. W. Va. Aug. 2, 2007) (collecting cases); *Lopez v. Ames*, No. 1:11-cv-547, 2012 WL 2589864, at *1 (E.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2589859 (E.D. Tex. July 3, 2012).

Therefore, Plaintiff has neither established that federal law creates the asserted cause(s) of action, nor that any right to relief necessarily depends on resolution of a substantial question of federal law, nor that there is complete diversity between the parties, nor that the amount in controversy exceeds $75,000.

## Recommendation

Plaintiff's action should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

-4-

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 19, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE